IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 1 5 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

BRITT A SHAW, on Behalf of
Himself and All Others
Similarly Situated,

    Plaintiffs,

v.

HYATT INTERNATIONAL
CORPORATION,

    Defendant.

Case No. 05 c 5022

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendant Hyatt International Corporation (hereinafter, "Hyatt") has moved to dismiss Plaintiff Britt A. Shaw's (hereinafter, "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion is **granted**.

### I.  BACKGROUND

Plaintiff, a U.S. citizen currently residing in London, filed this diversity action against Hyatt for alleged misrepresentations and deceptive practices relating to a hotel room reservation he booked through Hyatt's website. Plaintiff made a reservation for three nights in February 2005 at the Ararat Park Hyatt in Moscow, Russia. On its website, Hyatt provided him with a rate of $502.00 per night in U.S. dollars. At checkout, Plaintiff was presented with a bill for 16,064.00, quoted in Russian rubles, which

reflected an exchange rate of 32 rubles per dollar. However, according to Plaintiff, at that time, the official exchange rate set by the Central Bank of Russia was approximately 28 rubles per dollar. Plaintiff alleges that, due to this inflated exchange rate, he was deceived into paying approximately 14-16% more than the rate originally quoted on Hyatt's website. In other words, under the government-established rate, Plaintiff should have paid closer to 14,000 rubles per night for the room. Plaintiff claims that Hyatt employed and continues to employ these deceptive practices for the purpose of defrauding consumers and profiting therefrom.

The two-count Complaint alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. (the "ICFA")(Count I) and a claim based on unjust enrichment (Count II). Plaintiff also seeks to certify a class of similarly-situated Hyatt guests based on allegations that Hyatt's misrepresentations and deceptive practices were perpetrated on other guests at the Ararat Park Hyatt and at other locations.

## II. LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded facts and allegations in the complaint, draw all reasonable inferences that favor the plaintiff, and construe the allegations of the complaint in the light most favorable to the plaintiff. *Thompson v. Ill. Dep't of*

*Prof. Reg.*, 300 F.3d 750, 753 (7th Cir. 2002). A complaint should be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004).

### III. **DISCUSSION**

#### A. **Illinois Consumer Fraud Act**

Hyatt contends that Plaintiff's ICFA claim (Count I) should be dismissed on two separate grounds. First, Hyatt asserts that the ICFA does not apply to the disputed transaction because Plaintiff is a non-resident and the events alleged in the Complaint have no connection with Illinois. Second, Hyatt argues that Plaintiff's claim is fundamentally a breach of contract claim, which is not actionable under the ICFA.

In support of its first contention, Hyatt cites a recent Illinois Supreme Court case, which holds that a non-resident plaintiff may sue under the ICFA only if the fraudulent transaction occurs "primarily and substantially" within Illinois. (Def. Mem. at 2-3 (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, No. 91494, 2005 Ill. LEXIS 959, *128 (Ill. Aug. 18, 2005)). Hyatt points out that Plaintiff is not an Illinois resident, and contends that the disputed transaction at issue was conducted wholly outside of Illinois. (Def. Mem. at 3.)

Plaintiff agrees that *Avery* sets forth the relevant test, but asserts that he has alleged facts tending to show that the transaction occurred primarily and substantially within Illinois. In support, Plaintiff contends that Hyatt's allegedly deceptive practices relating to currency exchange inflation "originated" in Illinois; that Hyatt maintains its principal place of business in Illinois; and that the website through which Plaintiff made his reservations contained a choice of law clause selecting Illinois law. (Pl. Resp. at 4-5.)

The Court agrees with Defendant that the allegations in the Complaint are not actionable under the ICFA. Simply put, those allegations have virtually no connection to Illinois. In *Avery*, the Illinois Supreme Court specifically considered and rejected the same arguments being advanced by Plaintiff to bolster his contention that the disputed transaction occurred primarily and substantially in Illinois. See 2005 Ill. LEXIS 959, at \*\*133-36. Significantly, the court reversed the appellate court's holding that the ICFA could apply to circumstances where the deceptive practices were devised in and disseminated from the defendant's headquarters in Illinois. *Id.* at \*\*131-32. Rather, those allegations were insufficient as a matter of law to support an ICFA claim. *Id.* at \*135.

Here, as in *Avery*, the overwhelming majority of the circumstances relating to the transaction between Plaintiff and

Hyatt concern events outside of Illinois. Even assuming, as the Court must for purposes of a motion to dismiss, that Hyatt's currency inflation scheme originated in its principal place of business in Illinois, *Avery* makes clear that this fact alone does not warrant application of the ICFA. *Id.; see also Rolfing v. Manor Care, Inc.*, 172 F.R.D. 330, 340 (N.D. Ill. 1997)(holding that a non-Illinois plaintiff cannot recover under the ICFA where the only connection with Illinois is the headquarters of the defendant, or the fact that the scheme emanated from Illinois). Moreover, the remaining allegations do not implicate Illinois at all. Plaintiff, a London resident (and former New York resident), reserved a hotel room in Russia through Hyatt's website, and was charged more than originally quoted on the website due to the hotel's inflated currency exchange rates. These allegations do not establish the requisite nexus with Illinois, and thus, there is no basis for the application of the ICFA to the transaction at issue.

Plaintiff suggests that Hyatt should be held liable under the ICFA because of the choice of law provision on Hyatt's website specifies Illinois law. However, the existence of such a clause has no impact on whether the ICFA applies in the first instance. As discussed above, the extraterritorial application of the ICFA is limited to deceptive trade practices occurring "primarily and substantially within Illinois." The fact that Illinois law was selected to govern disputes arising out of Hyatt's website does

nothing to further the contention that the allegedly deceptive practices occurred in Illinois. The cases cited by Plaintiff in his response brief are unavailing. (See Pl. Resp. at 7-8.) As the Illinois Supreme Court observed in *Avery*, *Martin v. Heinhold Commodities, Inc.* held that the application of Illinois law to a multi-state class was consistent with principles of due process; it did not address the scope of the ICFA as a matter of statutory interpretation. See *Avery*, 2005 Ill. LEXIS 959, at *134 (citing *Martin*, 510 N.E.2d 840, 846 (Ill. App. Ct. 1987). *Cange v. Stotler and Co.* is also distinguishable because it dealt with a contractual provision whereby the parties expressly acknowledged that they were "transacting business in the State of Illinois." 913 F.2d 1204, 1210 (7th Cir. 1990).

Hyatt also contends that Plaintiff cannot prevail on his ICFA claim because the alleged misrepresentations amount to a breach of contract. Having dismissed Planitiff's ICFA claim based on the jurisdictional limitations of the ICFA, the Court need not address the merits of this argument.

### B. Unjust Enrichment

Hyatt contends that Plaintiff's unjust enrichment claim (Count II) is barred because an express contract governs the parties' relationship. See *Ind. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.*, 432 N.E.2d 999, 1002 (Ill. App. Ct. 1982) ("Where there is a specific contract which governs the relationship

of the parties, the doctrine of unjust enrichment has no application."). Plaintiff does not deny the existence of an express contractual agreement, but argues instead that he has pled "more" than breach of contract. (Pl. Resp. at 11.) Plaintiff's argument, however, pertains to whether his ICFA is foreclosed in light of an express agreement and has no bearing on whether he can recover based on unjust enrichment. Indeed, the cases cited by Plaintiff address only the issue of whether a plaintiff can seek relief under the ICFA in light of an express contractual agreement, i.e., whether a breach of contract can also be actionable as fraud. (See Pl. Resp., II.C.)

Furthermore, the Complaint alleges that a specific transaction was entered into between the parties. Plaintiff's chief contention is that he booked a hotel room at a particular price through Hyatt's website, but was charged a different price at checkout. Indeed, as Plaintiff himself acknowledges, Hyatt's website contained several "Terms and Conditions," including a choice of law clause. (Cmpl. ¶ 11.) Significantly, one of those actionable "terms," according to Plaintiff, included Hyatt's representation that "the price paid at time of hotel checkout will be of the currency initially quoted and displayed." (Cmpl. ¶ 17.) These provisions, which are fundamental to Plaintiff's claims, point to the inescapable conclusion that the present dispute arises out of an express contract. See, e.g., DeJohn v. The TV Corp. Int'l, 245

F. Supp. 2d 913, 919 (N.D. Ill. 2003)(holding that parties entered into express contract via defendant's website and rejecting plaintiff's implied contract claim). Accordingly, his claim for unjust enrichment must be dismissed as a matter of law.

### IV. CONCLUSION

For the reasons stated herein, Hyatt's Motion to Dismiss is **granted**.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

Dated: November 15, 2005